UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DARIEKA CAULFIELD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| VS. | ) | |
| | ) | 3:21-CV-2146-G |
| HOBBY LOBBY STORES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is the motion of the plaintiff Darieka Caulfield ("Caulfield")

to remand this case to the state court from which it was removed.  For the reasons set

forth below, the motion is denied.

### I.  BACKGROUND

On August 4, 2021, Caulfield filed suit in the 116th Judicial District Court of

Dallas County, Texas, alleging that she suffered injuries at a store operated by the

defendant Hobby Lobby Stores, Inc. ("Hobby Lobby").  *See generally* Plaintiff's

Original Petition, Request for Disclosure, and Request for Privilege Log ("Petition"),

*attached to* Defendant Hobby Lobby Stores, Inc.'s Notice of Removal ("Notice")

(docket entry 1).  On September 9, 2021, Hobby Lobby removed the action to this

court based on diversity jurisdiction.  *See* Notice ¶ 5.  Caulfield now seeks to remand

the suit to state court on the ground that Hobby Lobby's "'principal place of

business' [is] in Texas" therefore Hobby Lobby "has failed to meet the heavy burden

of showing complete diversity . . . ."  Plaintiff's Motion to Remand (docket entry 9)

at 1.  Conversely, Hobby Lobby contends that its principal place of business is in

Oklahoma, and that complete diversity exists.  *See generally* Defendant Hobby Lobby

Stores, Inc.'s Response to Plaintiff's Motion to Remand ("Response") (docket entry

12).[1]

## II.  ANALYSIS

Title 28 U.S.C. § 1441(a) permits the removal of "any civil action brought in a

State court of which the district courts of the United States have original jurisdiction

. . . ."  The statute allows a defendant to "remove a state court action to federal court

only if the action could have originally been filed in federal court."  *Anderson v.*

*American Airlines, Inc.*, 2 F.3d 590, 593 (5th Cir. 1993) (citing 28 U.S.C. § 1441).

However, the removal statute must be strictly construed because "removal

jurisdiction raises significant federalism concerns."  *Willy v. Costal Corporation*, 855

F.2d 1160, 1164 (5th Cir. 1988); see also *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th

---

[1]      Hobby Lobby asserts that it "has removed numerous cases from state to
federal court in Texas and no court has **ever** remanded the case back to state court on
the basis that it is a citizen of the state of Texas."  Response at 7 (emphasis in the
original).

Cir. 2008).  Therefore, "any doubts concerning removal must be resolved against removal and in favor of remanding the case back to state court." *Cross v. Bankers Multiple Line Insurance Company*, 810 F.Supp. 748, 750 (N.D. Tex. 1992) (Means, J.); see also *Shamrock Oil & Gas Corporation v. Sheets*, 313 U.S. 100, 108-09 (1941).  The party seeking removal bears the burden of establishing federal jurisdiction.  *Willy*, 855 F.2d at 1164.

There are two principal bases upon which a district court may exercise removal jurisdiction:  the existence of a federal question, *see* 28 U.S.C. § 1331, and complete diversity of citizenship among the parties, *see* 28 U.S.C. § 1332.  Here, Hobby Lobby has alleged only diversity of citizenship as a basis of this court's jurisdiction.  *See* Notice ¶¶ 5-7.  The court can properly exercise jurisdiction on the basis of diversity of citizenship after removal only if three requirements are met:  (1) the parties are of completely diverse citizenship, *see* 28 U.S.C. § 1332(a); (2) none of the properly joined defendants is a citizen of the state in which the case is brought, *see* 28 U.S.C. § 1441(b); and (3) the case involves an amount in controversy of more than $75,000, *see* 28 U.S.C. § 1332(a).

A corporation, for the purpose of determining diversity jurisdiction, is a "citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ." 28 U.S.C. § 1332(c)(1).  To determine a principal place of business, the court applies the "nerve

center" test. See *Hertz Corporation v. Friend*, 559 U.S. 77, 92-93 (2010). Here, Hobby Lobby is incorporated in Oklahoma and has its principal place of business in Oklahoma. *See generally* Response; see also *id*. at 7 ("Hobby Lobby's principal place of business is in Oklahoma because its operations are 'far flung' and its nerve center is in Oklahoma City, Oklahoma, as evidenced by the fact that its corporate headquarters are there and that is where all of the major decision-making for the corporation occurs.").[2] The court finds that the parties are completely diverse.

Removal is proper in this case because (1) there is complete diversity, (2) the defendant is not from the forum state, and (3) the amount in controversy is between $200,000 and $1,000,000, exceeding the $75,000 requirement. *See generally* Notice. Accordingly, the plaintiff's motion to remand this case to state court is denied.

### III. CONCLUSION

For the reasons stated above, the plaintiff's motion to remand this case to state court is **DENIED**.

**SO ORDERED**.

November 17, 2021.

_____
**A. JOE FISH**
**Senior United States District Judge**

---

[2]      Caulfield failed to reply to Hobby Lobby's response to her motion to remand this case to the state court from which it was removed.